CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
March 05, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
   DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| FRANK E. REID,              )<br>   Plaintiff,              )<br>                            )<br>v.                          )<br>                            )<br>CORIZON HEALTH SERVICES, et al., )<br>   Defendants.             ) | Case No. 7:22-cv-00346<br><br>By: Michael F. Urbanski<br>Chief United States District Judge |

## MEMORANDUM OPINION

Frank E. Reid, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 on June 27, 2022. After Reid paid the filing fee, he was informed that he would be responsible for serving the defendants. As of October 23, 2023, Reid had received two extensions of time to accomplish service, more than two months had passed since the extended service deadline expired, and the court had received no further communication from Reid. Consequently, the assigned United States Magistrate Judge issued an order directing Reid to show cause as to why the case should not be dismissed without prejudice under Federal Rule of Civil Procedure 4(m). ECF No. 60. In response to the order, Reid filed a motion for extension of time, which the magistrate judge denied on November 16, 2023. ECF No. 62. Reid has since filed an objection to the magistrate judge's orders and a motion for appointment of counsel. ECF Nos. 63 & 64.[1]  For the reasons that follow, the court overrules the objection,

---

[1] Although Reid's objection was docketed as a motion for reconsideration, it seeks to "appeal [the] magistrate judge orders dated November 16, 2023 and October 23, 2023." ECF No. 64. Thus, the court construes the motion for reconsideration as an objection filed pursuant to Federal Rule of Civil Procedure 72(a).

dismisses the case without prejudice pursuant to Rule 4(m), and denies the motion for appointment of counsel as moot.

## Background

Reid commenced this action under § 1983 on June 27, 2022, by filing a fourteen-page handwritten complaint against Corizon Health Services, medical personnel and correctional officers at Red Onion State Prison, and other officials employed by the Virginia Department of Corrections. On October 31, 2022, after Reid paid the full filing fee, the magistrate judge informed Reid that he would be responsible for serving the defendants and directed the Clerk to provide service instructions. ECF No. 21. The magistrate judge also gave Reid the opportunity to apply to proceed in forma pauperis ("IFP") for purposes of service if he believed that he could not afford service of process. Id. The docket reflects that the Clerk sent Reid service documents and an IFP application that same day.

Reid subsequently moved for appointment of counsel and to extend the service deadline. On February 28, 2023, the magistrate judge denied the motion for appointment of counsel, granted the motion for extension of time, and gave Reid forty-five additional days to accomplish service. ECF No. 49 at 3. On May 25, 2023, the court granted another motion for extension of time and extended the service deadline by an additional forty-five days. ECF No. 55 at 2. The order permitted Reid to apply to proceed IFP for purposes of service within twenty days, if he believed that he was unable to afford service of process. Id. Reid subsequently submitted a letter requesting the fees required for service by the United States Marshals Service. ECF No. 59. The docket reflects that the letter was forwarded to the

Marshals Service for a response. Despite receiving the opportunity to apply to proceed IFP for purposes of service, Reid did not do so.

As of October 23, 2023, more than two months had passed since the extended service deadline expired, and the court had received no further submissions from Reid. Accordingly, the magistrate judge issued an order directing Reid to show cause as to why the case should not be dismissed without prejudice under Rule 4(m). ECF No. 60. In response to the order, Reid filed another motion for extension of time in which he claimed to be disabled as a result of suffering a traumatic brain injury in the past and asserted that he needed additional time to "research the matter." ECF No. 61.

On November 16, 2023, the magistrate judge denied the motion for extension of time. ECF No. 62. The magistrate judge concluded that Reid "had not shown good cause or excusable neglect warranting an extension of the service deadline." Id. at 3. In reaching this conclusion, the magistrate judge provided the following reasoning:

> In this case, more than a year has passed since Reid was first advised that he would be responsible for serving the defendants, and he has already received multiple extensions. Although he alleges that he is physically and mentally disabled as a result of a previous injury, he has not submitted any objective evidence or disability findings that would allow the court to find that his impairments have prevented him from being able to timely serve the defendants. Moreover, despite his alleged disabilities, Reid was able to file a detailed handwritten complaint, followed by more than a dozen motions and other filings. He does not explain what he needs to research in order to comply with the court's previous order, much less provide any indication that he has diligently attempted to accomplish service on the defendants.

3

Id. The order noted that Reid had until Monday, November 27, 2023, to show cause as to why the case should not be dismissed without prejudice under Rule 4(m) and that failure to comply with the order would result in the dismissal of the action without prejudice. Id.

On November 24, 2023, Reid executed another motion requesting the appointment of counsel. ECF No. 63. Reid again alleges that he is handicapped as a result of a traumatic brain injury and that he is not a trained legal professional. ECF No. 63 at 1. In the same motion, Reid alleges that he engaged in settlement negotiations with an attorney in the Office of the Attorney General of Virginia beginning on April 20, 2023, and that the negotiations ended without explanation. Id. The motion is accompanied by a May 23, 2023, letter addressed to the attorney, in which Reid referenced a "brief discussion" that he had with the attorney at Red Onion State Prison on April 20, 2023, and suggested that it would be appropriate to transfer him to Deerfield Correctional Center. ECF No. 63-1 at 1. Reid also attached a letter that he wrote to Congressman Bobby Scott on January 23, 2023, in which he admitted to fatally stabbing another inmate in 2019 and asserted that the stabbing was preventing him from being transferred to a correctional medical facility. Id. at 2. Reid noted that he had a lawsuit pending in the Western District of Virginia, and he requested assistance in being transferred to Deerfield Correctional Center. In addition to these letters, Reid attached letters from various individuals and entities that he contacted complaining about his conditions of confinement. Id. at 3–7.

Reid then filed an objection to the magistrate judge's most recent orders. ECF No. 64. The objection merely states that Reid objects to the "magistrate judge orders dated November 16, 2023 and October 23, 2023." Id. It provides no explanation as to why the defendants have

4

not been served with process and contains no information indicating that he has attempted to obtain service on any defendants.

## Discussion

### I. Objection to the Magistrate Judge's Orders

The court's review of any non-dispositive order issued by a magistrate judge is governed by Federal Rule of Civil Procedure 72(a). Pursuant to this rule, the court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1). An order is "clearly erroneous" if the court is "left with a definite and firm conviction that a mistake has been made." Marks v. Global Mortg. Grp., Inc., 218 F.R.D. 492, 495 (S.D.W. Va. 2003). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." In re Eli Lilly & Co. v. Novartis Pharma AG, 580 F. Supp. 3d 334, 337 (E.D. Va. 2022) (internal quotation marks omitted).

Having reviewed the record, the court finds no basis to modify or set aside the magistrate judge's orders. Given the procedural history summarized above, the magistrate judge did not clearly err in directing Reid to show cause as to why the case should not be dismissed for failure to serve the defendants. Nor did the magistrate judge clearly err in denying Reid's third motion for extension of time to accomplish service. By the time that motion was filed, more than a year had passed since Reid was first advised that he would be responsible for serving the defendants and nearly four months had passed since the most recent extended service deadline expired. During that nearly four-month period, Reid had no further communication with the court. While Reid alleged, and continues to allege, that he is

5

disabled as a result of a previous injury, he did not submit any objective evidence that would support a finding that his disabilities would prevent him from arranging for service of process. As the magistrate judge noted, despite his impairments, Reid was able to file a lengthy and detailed complaint, followed by more than a dozen motions and other filings. Consequently, the magistrate judge did not clearly err in finding that Reid failed to show good cause or excusable neglect warranting yet another extension of the service deadline. Reid's objection to the orders at issue is overruled.

**II.     Dismissal under Rule 4(m)**

A plaintiff typically has ninety days to complete service of process. Fed. R. Civ. P. 4(m). If a defendant is not timely served, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Id. "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id.

The United States Court of Appeals for the Fourth Circuit has explained that "good cause" within the meaning of Rule 4(m) "requires a 'showing of diligence on the part of the plaintiff[].'" Gelin v. Shuman, 35 F.4th 212, 218 (4th Cir. 2022) (quoting Attkisson v. Holder, 925 F.3d 606, 627 (4th Cir. 2019)). "Consistent with that foundational principle, good cause is commonly found to exist when the failure of service is due to external factors, such as the defendant's intentional evasion of service." Id. (internal quotation marks and brackets omitted). On the other hand, "significant periods of inactivity and a failure to seek extension of time before the deadline has lapsed tend to undercut any claim of good cause." Id. (internal quotation marks and brackets omitted). "At bottom, while good cause is a flexible standard,

diligence provides a touchstone" for determining whether a showing of good cause has been made. Id. (internal quotation marks and brackets omitted). Having reviewed the record, including any arguments presented in Reid's most recent filings, the court concludes that Reid has failed to establish good cause for failing to serve the defendants.

First, the mere fact that Reid is proceeding without counsel does not constitute good cause for purposes of Rule 4(m). See Shirley v. Staubs, 812 F. App'x 162, 162 –63 (4th Cir. 2020) ("A plaintiff's pro se status is not sufficient to establish good cause. Rather, we can find good cause to extend the service deadline only if the plaintiff made reasonable and diligent efforts to effect service within the [requisite] period."); Thrasher v. City of Amarillo, 709 F.3d 509, 511 (5th Cir. 2013) ("A litigant's pro se status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure.") (footnotes omitted).

Second, Reid has not presented evidence from which the court could find that his alleged disabilities provide good cause for failing to serve the defendants. As noted above, Reid's impairments did not prevent him from filing a detailed complaint, followed by numerous motions. Nor did they preclude him from communicating with government and non-government officials and entities regarding his conditions of confinement. See, e.g., Epley v. Luong, No. 23-40038, 2023 WL 8595674, at *6 (5th Cir. Dec. 21, 2023) (noting that a pro se plaintiff "filed pleadings both before and after issuance of the show cause order" and, thus, that the court could not "say that [the plaintiff's] mental or physical conditions justified the

7

delay in service"). Reid has simply failed to explain why his claimed impairments should excuse the fact that the defendants have remained unserved for more than a year.[2] Id.

Third, Reid's alleged efforts to engage in settlement negotiations do not justify his failure to accomplish service within the extended service period. Exhibits submitted by Reid indicate that he communicated with an attorney from the Office of the Attorney General in April and May 2023, and Reid alleges that their purported negotiations ended without explanation. On May 25, 2023, the magistrate judge issued an order granting Reid an additional forty-five days to serve the defendants. The forty-five-day period expired without any response from Reid, and the court received no further communication from him until November 9, 2023, after the magistrate judge issued the show cause order. There is no evidence that settlement discussions continued during the forty-five-day extended service period, and even if they did, the mere desire to settle does not excuse a party from complying with a court-ordered deadline. See Mathews v. de la Torre v. Continental Ins. Co., 15 F.3d 12, 15 (1st Cir. 1994) ("The fact that settlement negotiations are in progress does not excuse a litigant from making required court filings. It is common sense, as well as common courtesy, to alert the judge to the ongoing negotiations and request that he or she postpone imminent deadlines before they have expired. A litigant who . . . fails to take that simple step courts disaster.") (internal citations omitted); Luft v. Crown Publishers, Inc., 906 F.2d 862, 866 (2d Cir. 1990)

---

[2] The court also notes that although Reid paid the filing fee, the magistrate judge gave him the opportunity to apply to proceed IFP for purposes of service, if he believed that he was unable to afford service of process. See ECF Nos. 21 & 55. As noted above, the Clerk sent him an IFP application on October 31, 2022, along with service instructions, and the magistrate judge directed the Clerk to send him another IFP application on May 25, 2023. The magistrate judge specifically explained that if Reid were granted leave to proceed IFP for purposes of service, he would "not be responsible for effecting service of process on the named defendants or paying the costs associated with service of process." ECF No. 55 at 2. Reid did not submit either IFP application or request an extension of time to do so.

("[T]he desire to settle, though laudable, does not excuse a deliberate failure to comply with the express orders of the court.").

Finally, and perhaps most importantly, Reid has provided no indication that he attempted to accomplish service on the defendants after being granted a second extension of time. See Gelin, 35 F.4th at 218 (explaining that "a showing of diligence" is required to establish good cause") (internal quotation omitted). And any assertion of diligence is "undercut" by the months-long "period[] of inactivity" after the extended service deadline expired and the fact that he did not request another extension until well after the deadline passed. Id. (internal quotation marks omitted). For these reasons, the court concludes that Reid has failed to show good cause for the failure to serve the defendants.

The Fourth Circuit has held that "a district court possesses discretion to grant the plaintiff an extension of time to serve a defendant with the complaint and summons even absent a showing of good cause." Id. at 220. Here, however, the court is unable to find that the circumstances warrant a discretionary extension. More than a year has passed since Reid was first advised of the applicable service requirements, and there is no indication that he has attempted to accomplish service on any of the named defendants. Moreover, none of Reid's filings provide any reason to believe that the defendants will be properly served at any time in the foreseeable future. See Smith v. Fletcher, No. 3:22-cv-00782, 2023 U.S. Dist. LEXIS 13158, at *2 (E.D. Va. Jan. 25, 2023) (dismissing claims against a defendant without prejudice under Rule 4(m) where the pro se inmate failed to show good cause for the failure to accomplish service and provided no indication that the defendant would be served at any time in the future); Dickerson v. Pressley, No. 3:18-cv-00604, 2020 WL 4274580, at *2 (W.D.N.C.

9

July 24, 2020) (declining to exercise the discretion to enlarge the service period since the pro se inmate did not assert that he had undertaken any efforts to obtain service on the defendants or suggest that he intended to attempt service of process); McCoy v. Abassi, No. 3:10-cv-00875, 2012 WL 4933301, at *2 (E.D. Va. Oct. 16, 2012) (dismissing an action without prejudice under Rule 4(m) where the pro se inmate failed to show good cause for the delay in effecting service and did not "evince any ability to effectuate service in the future," and noting that "[t]he court cannot countenance the bringing of an action . . . to languish on its docket until some indefinite future date when the plaintiff may actually be able to serve those defendants") (internal quotation marks omitted). Accordingly, the court finds it appropriate to dismiss Reid's claims against the defendants without prejudice.[3]

## Conclusion

For the reasons stated, Reid's objection to the magistrate judge's orders, ECF No. 64, is **OVERRULED**; the claims against the defendants are **DISMISSED** without prejudice pursuant to Rule 4(m); and all other pending motions, including Reid's motion for appointment of counsel, ECF No. 63, are **DENIED** as moot.[4] An appropriate order will be entered.

---

[3] In his complaint, Reid asserts, among other allegations, that he has not received proper medical treatment at Red Onion State Prison. If Reid continues to believe that he is not receiving constitutionally adequate medical care at that facility, he may file a new civil action and request that the court waive prepayment of fees, pursuant to 28 U.S.C. § 1915(a).

[4] As explained in the order denying Reid's previous motion for counsel, ECF No. 49, a litigant in a civil case does not have a constitutional right to counsel, and the court cannot require an attorney to represent a civil litigant. See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa, 490 U.S. 296, 309 (1989). Although a court may request an attorney to represent an indigent plaintiff in a civil case, "a court should do so only in exceptional circumstances." Manship v. Trodden, 273 F. App'x 247, 248 n.* (4th Cir. 2008) (citing Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). For the reasons explained in the prior order, Reid has not shown that his circumstances are so exceptional as to warrant appointment of counsel. Thus, even if his motion for appointment of counsel were not moot, it would be denied.

10

Entered: March 5, 2024

Michael F. Urbanski
Chief U.S. District Judge
2024.03.05 15:27:09
-05'00'

Michael F. Urbanski
Chief United States District Judge

11